**Norman A. PELTIER, Appellant**

**v.**

**Fred A. SEATON, Secretary of the Interior, et al., Appellees.**

**No. 14744.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 23, 1959.

Decided April 16, 1959.

Petition for Rehearing In Banc Denied May 13, 1959.

See also 100 U.S.App.D.C. 332, 244 F.2d 780.

Mr. John Henry Fallon, Washington, D. C., for appellant.

Mr. Douglas A. Kahn, Attorney, Department of Justice, with whom Asst. Atty. Gen. George C. Doub and Messrs. Oliver Gasch, U. S. Atty., and Samuel D. Slade, Attorney, Department of Justice, were on the brief, for appellees. Mr. Morton H. Hollander, Attorney, Department of Justice, also entered an appearance for appellees.

Before Mr. Justice BURTON, retired,* and WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

Norman A. Peltier sued the Secretary of the Interior and the members of the United States Civil Service Commission, seeking to be restored to the position of fire marshal on the island of Guam, a place from which he had been discharged May 12, 1951, by the Government of Guam. The District Court having dismissed the complaint, Peltier appeals.

Peltier's original appointment on Guam was made by the Department of the Navy. Administration of the island was transferred from the Navy to the Department of the Interior by Executive Order No. 10077, Sept. 7, 1949, 14 F.R. 5533, as amended by Executive Order No. 10137, June 30, 1950, 15 F.R. 4241. On June 25, 1950, Peltier became an employee of Interior, which took over on that day. On August 1, 1950, Congress enacted the Organic Act of Guam [1] which established a civil government for the island with power in the governor to appoint, by and with the advice and consent of the legislature, all heads of executive agencies and instrumentalities, who would in turn employ assistants. Knowing the Organic Act had become effective, Peltier on September 25, 1950, entered into an employment agreement with the newly established government. He was thereafter, and when he was discharged, an employee of Guam. Hence his complaint against officials of the United States should have been, as it was, dismissed. We have considered all of appellant's contentions, but find them insufficient to change the result.

Affirmed.

* Sitting by designation pursuant to Sec. 294 (a), Title 28, U.S.Code.

1. 64 Stat. 384, 48 U.S.C.A. § 1421 et seq.